1   MICHAEL R. MATTHIAS, Bar No. 57728
2   *mmatthias@bakerlaw.com*
    BAKER & HOSTETLER LLP
3   11601 Wilshire Boulevard, Suite 1400
    Los Angeles, California 90025-0509
    Telephone: 310.820.8800
4   Facsimile: 310.820.8859
5   Attorneys for Plaintiff
    NELSON LEVINE DE LUCA
6   & HAMILTON, LLC

7

8                   UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  NELSON LEVINE DE LUCA &          Case No. CV14-3994 FMO-SHx
    HAMILTON, LLC,
12                                   **COMPLAINT FOR DAMAGES AND
                  Plaintiff,         INJUNCTIVE RELIEF:**
13
    v.                               1.  VIOLATION OF THE COMPUTER
14                                       FRAUD AND ABUSE ACT, 18
    LEWIS BRISBOIS BISGAARD &            U.S.C. § 1030;
15  SMITH LLP,                       2.  VIOLATION OF CALIFORNIA'S
                                         UNIFORM TRADE SECRETS
16                Defendant.             ACT, CAL. CIV. CODE § 3426;
17                                   3.  VIOLATION OF CALIFORNIA'S
                                         UNFAIR PRACTICES ACT, CAL.
18                                       BUS. & PROF. CODE § 17040;
19                                   4.  CONVERSION; AND
                                     5.  REPLEVIN
20
21                                   **DEMAND FOR JURY TRIAL**
22

23       Plaintiff NELSON LEVINE DE LUCA & HAMILTON, LLC, a limited

24  liability company, alleges as follows against Defendant Lewis Brisbois Bisgaard &

25  Smith LLP:

26

27

28

                              COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PRELIMINARY STATEMENT

1.     On February 9, 2014, a group of attorneys based in the Blue Bell, Pennsylvania office of Nelson, Levine, de Luca & Hamilton, LLC ("Nelson Levine") terminated their relationship with that law firm.  Subsequently, those attorneys joined the law firm of Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois" or "Defendant").

2.     The attorneys that departed Nelson Levine were engaged in the practice of advising clients in responding to data security incidents and assisting clients in making notifications required under state and federal data breach notification laws.  In this capacity, they handled personally identifiable information and personal health information of numerous individuals.

3.     When they left Nelson Levine, five of these attorneys (the "Departing Attorneys") took with them laptop computers that had been issued to them by Nelson Levine and which they had previously used to perform work for Nelson Levine clients (the "Laptops"), including all data on the Laptops (the "Data").  Nelson Levine owns the Laptops and Data and never agreed that any of the Departing Attorneys could take the Laptops and Data with them when they departed.  Nelson Levine has demanded the return of the Laptops and Data since the Departing Attorneys left Nelson Levine.   The Data stored on the Laptops likely includes privileged information, trade secrets, and confidential client information of Nelson Levine.  These documents may include: documents containing legal strategy; client lists; internal, confidential business information regarding Nelson Levine; information regarding confidential billing practices; and personally identifiable information such as social security numbers and private health information.  In addition, one of the Departing Attorneys was a partner of Nelson Levine and thus had access to propriety information related to firm management.

4.     Despite repeated requests from Nelson Levine, Lewis Brisbois  refused to return the Laptops and Data.  On May 22, 2014, Lewis Brisbois informed Nelson

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

603381715

1  Levine that it was returning the Laptops with some or all of the Data removed and
2  that it had made and was keeping for its own purposes a "complete forensic quality
3  image". Without any warning that it would act unilaterally, Lewis Brisbois
4  unilaterally deleted Data stored on the Laptops and made a copy of the Data for its
5  use, after Nelson Levine had repeatedly and expressly objected to Lewis Brisbois
6  taking such action. Nelson Levine now brings this action to retrieve its Data, to
7  protect its and its clients' confidential information, and to recover damages it has
8  suffered as a result of Lewis Brisbois' unlawful actions.

9  **PARTIES, JURISDICTION AND VENUE**

10       5.     Nelson Levine is a law firm with offices across the United States.
11  Nelson Levine is organized as a professional limited liability company under the
12  laws of the State of Pennsylvania. Nelson Levine's registered office is located at
13  518 East Township Line Road, Suite 300, Blue Bell, Pennsylvania 19422.

14       6.     Lewis Brisbois is a law firm with multiple offices throughout the
15  United States. Lewis Brisbois is a direct competitor of Nelson Levine. All of the
16  Departing Attorneys are located at Lewis Brisbois' Philadelphia office. Lewis
17  Brisbois is organized as a limited liability partnership under the laws of the State of
18  California. Lewis Brisbois' is located at 221 North Figueroa Street, Suite 1200,
19  Los Angeles, California 90012.

20       7.     This Court has subject matter jurisdiction over this action pursuant to
21  28 U.S.C. §§ 1331 and 1367.

22       8.     This Court has federal question jurisdiction pursuant to 28 U.S.C.
23  § 1331 because this case arises under the Computer Fraud and Abuse Act, 18
24  U.S.C. § 1030. This Court has supplemental jurisdiction over the related state law
25  claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to
26  the claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, that they
27  form part of the same case or controversy.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) and (b) because Lewis Brisbois resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND AND OVERVIEW

### The Departing Attorneys' Separation from Nelson Levine

10.     The Departing Attorneys resigned from Nelson Levine effective February 9, 2014.

11.     In the weeks immediately following the departure of the Departing Attorneys, Nelson Levine communicated with the Departing Attorneys in order to arrange for the return of Nelson Levine's property to Nelson Levine, and to arrange for the return of the Departing Attorneys' personal property to the Departing Attorneys.

12.     During this period, the Departing Attorneys returned certain items that belonged to Nelson Levine.  The Departing Attorneys refused, however, to return the Laptops and Data.  Nelson Levine returned all personal property belonging to the Departing Attorneys.

### Nelson Levine Repeatedly Requests the Return of the Laptops and Data from Lewis Brisbois and Lewis Brisbois Refuses

13.     On February 17, 2014, Nelson Levine sent a letter to Robert F. Lewis, Chair of the Management Committee of Lewis Brisbois.  In this letter, Nelson Levine stated that the Departing Attorneys had taken laptop computers, iPads and iPhones with them when they departed.  Nelson Levine requested that Lewis Brisbois have the Departing Attorneys cease use of the equipment and return it promptly to Nelson Levine.  The letter also stated that, "[u]nder no circumstances is any file on any of this equipment to be altered or deleted, regardless of when the file was created."  Nelson Levine conveyed its desire to pick up the equipment on either February 18, 2014 or February 19, 2014 at the latest.

-4-

1    14.    On February 20, 2014, having not received a response, Nelson Levine

2    again contacted Mr. Lewis.  Later that day, Nelson Levine received a response from

3    John Mullen, a former Nelson Levine shareholder.  Nelson Levine and Mr. Mullen

4    separated on February 9, 2014 and the Departing Attorneys left Nelson Levine

5    shortly thereafter.  Mr. Mullen joined Lewis Brisbois with the Departing Attorneys.

6    Mr. Mullen stated in his February 20, 2014 letter that he was responding on behalf

7    of Lewis Brisbois.  Mr. Mullen's letter, among other things, acknowledged that the

8    Departing Attorneys had taken property of Nelson Levine but refused to return all

9    such property.  Rather, Mr. Mullen stated only that "the former Nelson Levine

10   employees are prepared to return all property that does not contain confidential or

11   personal information."

**Lewis Brisbois Alters the Information on the Laptops and Continues to Refuse**
**to Return Them to Nelson Levine**

14   15.    On February 26, 2014, representatives of Nelson Levine spoke with

15   Jana Lubert, General Counsel for Lewis Brisbois, via telephone.  Nelson Levine

16   summarized the contents of that conversation in a letter dated March 4, 2014.  Ms.

17   Lubert informed Nelson Levine during this call that Lewis Brisbois had transported

18   the Laptops from Pennsylvania to Ms. Lubert at Lewis Brisbois' Los Angeles

19   office, where she was keeping them in safe storage.  This office is located at 221

20   North Figueroa Street, Suite 2100, Los Angeles, California 90012.  Lewis Brisbois

21   transported the Laptops and Data across state lines and took possession of them

22   without the permission of Nelson Levine.  During the February 26, 2014

23   conversation, Ms. Lubert also explained that the Departing Attorneys had used the

24   Laptops for Lewis Brisbois business after leaving Nelson Levine.  Ms. Lubert

25   contended that, as a result, the Laptops now contain additional material that may be

26   privileged or confidential and belong to Lewis Brisbois, because the Departing

27   Attorneys used the Laptops for Lewis Brisbois client matters after they left Nelson

28   Levine.  Ms. Lubert did not agree to Nelson Levine's request for a log identifying

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

1   files that had been saved or modified on the Laptops after they were taken from

2   Nelson Levine, and a log of files that had been transferred from the Laptops to

3   Lewis Brisbois' systems.

4       16.    In its March 4, 2014 letter, Nelson Levine pointed out that the Laptops

5   contained potentially privileged and confidential material belonging to Nelson

6   Levine and its clients.  Nelson Levine made it clear that Nelson Levine had no

7   interest in seeing any privileged or confidential material belonging to Lewis

8   Brisbois that may have been added to the Laptops after they were taken from

9   Nelson Levine.  In the letter, Nelson Levine demanded the immediate return of the

10  Laptops and assured Lewis Brisbois that Nelson Levine would not access the

11  Laptops pending further discussions with Lewis Brisbois as to how to resolve

12  concerns about privileged and confidential information.  The next day, Nelson

13  Levine sent Ms. Lubert a list of Nelson Levine property that Lewis Brisbois had not

14  returned.

15      17.    On March 6, 2014, Ms. Lubert responded and, on behalf of Lewis

16  Brisbois, agreed to return certain property taken by the Departing Attorneys and

17  belonging to Nelson Levine, but refused to return the Laptops, unless Nelson

18  Levine would agree that Lewis Brisbois could delete Data from the Laptops before

19  returning them.  Ms. Lubert stated that, in addition to containing "privileged client

20  communications" of Lewis Brisbois, the Laptops also contain "the private

21  information of third parties."  The Departing Attorneys had represented clients of

22  Nelson Levine that had experienced data security breaches.  According to Ms.

23  Lubert's letter, the Departing Attorneys stored personal information of individuals

24  affected by data breaches on the Laptops.

25      18.    Nelson Levine contacted Ms. Lubert by letter on March 20, 2014, and

26  again requested the return of the Laptops and Data.  By this letter, Nelson Levine

27  also requested details regarding the extent to which the Data on the Laptops had

28  been accessed or acquired by any person not affiliated with Nelson Levine since the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

1  Laptops had left the custody and control of Nelson Levine.  Ms. Lubert responded

2  on March 27, 2014, again refusing to return the Laptops and Data and inviting

3  further discussion of this issue.

4      19.    On March 31, 2014, Nelson Levine and Ms. Lubert had a telephone

5  conference regarding the Laptops. Nelson Levine sent an email later that day,

6  summarizing the conversation.  According to the March 31, 2014 email,  Ms.

7  Lubert agreed to investigate, by talking to the Departing Attorneys, the content of

8  the Laptops, and to determine whether data on the Laptops had been uploaded to

9  Lewis Brisbois' systems or otherwise transferred to third parties.  Ms. Lubert also

10  proposed having a third party analyze the Laptops on behalf of Lewis Brisbois and

11  Nelson Levine to identify their contents and assist both firms in resolving their

12  privilege and confidentiality concerns.  She agreed to analyze how this third party

13  review could be conducted in a way that did not prejudice the confidentiality

14  concerns of either law firm.

15      20.    Lewis Brisbois did not provide a substantive response to the March 31,

16  2014 email until April 11, 2014, at which time it again refused to return the Laptops

17  unless all Data on the Laptops was first erased.  Erasing all Data on the Laptops

18  before the Laptops are forensically examined risks harming Nelson Levine because

19  Nelson Levine risks losing unique copies of documents belonging to Nelson Levine

20  and its clients, and Nelson Levine would no longer be able determine whether any

21  documents belonging to Nelson Levine or its clients had been transferred to or

22  accessed by an unauthorized third party.  Nelson Levine requires this information to

23  ensure it is in compliance with all state and federal laws relating to protecting the

24  confidentiality of personal information and attorney-client communications.

25      21.    In response to the question of whether Data on the Laptops had been

26  uploaded to Lewis Brisbois' computer network, Ms. Lubert responded "perhaps."

27      22.    By email dated April 16, 2014, Nelson Levine explained that "wiping"

28  or erasing the Data on the Laptops was not acceptable to Nelson Levine.  Instead,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

Nelson Levine proposed a procedure for resolving this matter under which: (i) the Laptops would be returned to Nelson Levine; (ii) the Laptops would be reviewed by a computer forensics expert who would review "meta data" of files on the Laptops and determine which files had been added or altered since the Laptops were taken from Nelson Levine; (iii) the forensics expert would then provide both firms with a list based on file names of added or altered files; and (iv) Nelson Levine would not access these added or altered files while Nelson Levine and Lewis Brisbois negotiated a disposition of these files. To protect the confidentiality concerns of both firms, this expert would not review the substance of any file on the Laptops.

23.   Also through the April 16, 2014 email, Nelson Levine again demanded clarification of whether Data on the Laptops had been uploaded to Lewis Brisbois' network.

24.   By email dated April 24, 2014, Ms. Lubert, on behalf of Lewis Brisbois, rejected the procedure for resolving this matter that Nelson Levine proposed. Although Lewis Brisbois had originally proposed retaining a third party forensics expert to assist in resolving this matter, it now refused to agree to retaining such an expert and instead stated that it would agree to return the Laptops only after Lewis Brisbois had created a forensic image of the Laptops that would allow it to keep possession of all data on the Laptops and then "wiped" or erased all Data on the Laptops before returning them to Nelson Levine.

25.   In the April 24, 2014 email, Ms. Lubert appears to acknowledge that Data on the Laptops had been transferred to Lewis Brisbois' computer network but contends that Lewis Brisbois only transferred data related to client engagements that had been transferred from Nelson Levine to Lewis Brisbois. Ms. Lubert did not explain how such a selective transfer of Data occurred or what measures were taken to prevent the transfer to Lewis Brisbois' systems of Data belonging to Nelson Levine or its clients.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

603381715

26.     By letter sent by email and Federal Express on May 20, 2014, Nelson Levine gave Lewis Brisbois notice that it was prepared to file suit to compel the return of its Laptops and Data unless Lewis Brisbois returned the Laptops and Data to Nelson Levine's custody by May 22, 2014.  Nelson Levine also provided assurances that it would identify and segregate any Data created or modified after the Departing Attorneys left Nelson Levine, while the parties negotiated a disposition of that Data.  A copy of the letter giving this notice is attached as Exhibit A.

27.     The next communication that Nelson Levine received from Lewis Brisbois was a letter sent by email and Federal Express on May 22, 2014.  By this letter, Lewis Brisbois gave notice to Nelson Levine that it was returning the Laptops to Nelson Levine, but that it had first removed Data from the Laptops. Lewis Brisbois also informed Nelson Levine that: "Lewis Brisbois engaged the firm of Ernest & Young to make and preserve a complete forensic quality image of the hard drives including metadata [on the Laptops]."  A copy of the letter giving this notice is attached as Exhibit B.  A package containing five laptops identified by Lewis Brisbois as the Laptops at issue was delivered to the offices of Nelson Levine's attorneys on May 23, 2014. These laptops were only delivered after Lewis Brisbois received a copy of the complaint that Nelson Levine was prepared to file.

28.     Lewis Brisbois is still in the possession of all Data contained on the Laptops despite repeated demands for its return.  Lewis Brisbois has altered the Data stored on the Laptops despite repeated demands that it be preserved in current form.  Lewis Brisbois has rejected Nelson Levine's proposals to protect Lewis Brisbois' alleged confidential information and client communications in connection with the return of the Laptops and Data contained on the Laptops.  At no time, during the months of communication between Lewis Brisbois and Nelson Levine regarding this issue did Lewis Brisbois warn Nelson Levine that it planned to act unilaterally and without Nelson Levine's consent to make a complete copy of all

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

603381715

1   Data on the Laptops for its own purposes and to delete Data from the Laptops.

2   Lewis Brisbois' conduct and statements indicate that Data belonging to Nelson

3   Levine and its clients has been transferred to Lewis Brisbois' computer systems

4   and/or to third parties without authorization from Nelson.  Lewis Brisbois has

5   placed Nelson Levine in a situation where it must seek the assistance of this Court

6   to protect  both its rights and the rights of its clients in the Data that had been stored

7   on the Laptops.

## FIRST CLAIM FOR RELIEF

### For Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

10       29.    Nelson Levine repeats and realleges paragraphs 1 through 28 as

11   though fully set forth herein.

12       30.    The Laptops are "protected computers," in that they were used in

13   interstate commerce both by Nelson Levine prior to their conversion and, since

14   their conversion by Lewis Brisbois.  The Laptops have been transported across state

15   lines and have been connected to the internet in both Pennsylvania and California.

16       31.    In taking the Laptops, accessing the Laptops, obtaining Data from the

17   Laptops, and utilizing the Laptops and the Data on the Laptops for their own

18   competitive purposes, Lewis Brisbois acted without authorization or, at a minimum,

19   exceeded any authorization that was granted.  While the Departing Attorneys had

20   authorization while they were employed by Nelson Levine, that authorization

21   ceased upon their departure.

22       32.    Lewis Brisbois took these actions knowingly and with the intent to

23   defraud.

24       33.    Through its actions, Lewis Brisbois furthered the intended fraud and

25   obtained items of value.

26       34.    Through its actions, Lewis Brisbois caused a loss to Nelson Levine

27   during a one-year period that equals at least $5,000 in value.  These losses include

28   the value of the Data, the loss of competitive advantage and prospective work based

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

1  on the sharing of that protected information, legal fees to recover the Laptops and

2  protect the Data, costs to remain in compliance with all applicable data privacy

3  laws, and other losses to be determined at trial.

4        35.    By reason of the foregoing, Nelson Levine is entitled to compensatory

5  damages in an amount to be determined at trial and injunctive relief preventing

6  Lewis Brisbois from engaging in further acts in violation of the Computer Fraud

7  and Abuse Act.

8  ### SECOND CLAIM FOR RELIEF

9  **For Violation of California's Uniform Trade Secrets Act,**
**Cal. Civ. Code § 3426**

10

11        36.    Nelson Levine repeats and realleges paragraphs 1 through 35 as

12  though fully set forth herein.

13        37.    The Data stored on the Laptops includes Nelson Levine's confidential

14  information.  This information includes information regarding Nelson Levine's

15  legal strategy, client lists, and other confidential information.

16        38.    This information constitutes trade secrets that derive independent

17  economic value from not being generally known to the public or to other persons

18  who can obtain economic value from their disclosure or use.

19        39.    Nelson Levine has taken reasonable efforts to maintain their secrecy,

20  both leading up to and following the departure of the Departing Attorneys.

21        40.    The Departing Attorneys acquired the trade secrets through their

22  confidential relationship with Nelson Levine when they were employed as attorneys

23  at Nelson Levine.  This information was placed on their Laptops when they were

24  still in a confidential relationship with Nelson Levine and remained on the Laptops

25  after the attorneys' departure, at which time the Departing Attorneys no longer had

26  rights to access or use the trade secrets in any way.

27        41.    The Departing Attorneys then gave this information to Lewis Brisbois.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

42.     Lewis Brisbois acquired the trade secrets knowing or having reason to know that the information constituted trade secrets and was acquired by improper means.  In addition, Lewis Brisbois disclosed and used the trade secrets without the express or implied consent of Nelson Levine.

43.     Nelson Levine has been harmed by this misappropriation in that the trade secrets are now in the possession of a competitor who may use this information against Nelson Levine.

44.     By reason of the foregoing, Nelson Levine is entitled to compensatory and punitive damages in an amount to be determined at trial and injunctive relief preventing Lewis Brisbois from engaging in further acts of misappropriating trade secrets.

### **THIRD CLAIM FOR RELIEF**

**For Violating California's Unfair Practices Act,
Cal. Bus. & Prof. Code § 17040**

45.     Nelson Levine repeats and re-alleges each of the allegations made in paragraphs 1 through 44 as if fully stated herein.

46.     Lewis Brisbois's activities described herein constitute unfair competition in violation of California Business & Professions Code § 17040.

47.     These acts include, but are not limited to, knowingly, intentionally, and maliciously misappropriating Nelson Levine's confidential information and disclosing that information to Nelson Levine's competitors.

48.     Lewis Brisbois's wrongful activities have caused, and unless enjoined by the Court, will continue to cause, irreparable injury, and other damage to Nelson Levine's business, reputation, and goodwill.  Nelson Levine has no adequate remedy at law.

49.     As a direct and proximate result of Lewis Brisbois's conduct, Nelson Levine has been damaged.

- 12 -

50.    By reason of the foregoing, Nelson Levine is entitled to compensatory and punitive damages in an amount to be determined at trial and injunctive relief preventing Lewis Brisbois from further engaging in unfair business practices.

## FOURTH CLAIM FOR RELIEF

### For Conversion

51.    Nelson Levine repeats and realleges paragraphs 1 through 50 as though fully set forth herein.

52.    Lewis Brisbois has deprived Nelson Levine of its right to use and possess the Laptops without Nelson Levine's consent and without legal justification.

53.    Lewis Brisbois acquired possession of the Laptops and Data with the intent to assert a right to them adverse to Nelson Levine, the owner of the Laptops and Data. Lewis Brisbois transferred the Laptops and Data and therefore deprived Nelson Levine of control. Lewis Brisbois is unreasonably withholding possession of the Data from Nelson Levine, the party who has the right to the Data, including the data on the Laptops. Lewis Brisbois has misused the Laptops and Data in defiance of Nelson Levine's rights.

54.    Nelson Levine has repeatedly demanded the return of the Laptops and Data from Lewis Brisbois and Lewis Brisbois has refused to deliver the Data to Nelson Levine.

55.    By reason of the foregoing, Nelson Levine is entitled to compensatory and punitive damages in an amount to be determined at trial and injunctive relief preventing Lewis Brisbois from engaging in further acts of conversion.

## FIFTH CLAIM FOR RELIEF

### For Replevin

56.    Nelson Levine repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

- 13 -

57.     Nelson Levine has title to the Data and the exclusive right of immediate possession of the Data.

58.     The Data is currently in the possession of Lewis Brisbois or a third party acting on behalf of Lewis Brisbois.

59.     By reason of the foregoing, Lewis Brisbois is entitled to recover possession of the Data, to recover damages incurred as result of Lewis Brisbois's illegal detention of the Laptops and Data, and to recover punitive damages.

WHEREFORE, Nelson Levine prays as follows:

1.     Awarding injunctive relief:

(a)     preliminarily and permanently enjoining the Defendant and those in privity with Defendant from accessing the Data;

(b)     preliminarily and permanently enjoining the Defendant or those in privity with Defendant from viewing or otherwise utilizing any of the Data previously contained on the Laptops, including Data that has been transferred from the Laptops to other locations; and

(c)     preliminarily and permanently enjoining the Defendant from further erasing or altering any Data previously contained on the Laptops;

2.     Directing the Defendant to:

(a)     return the Data to Nelson Levine;

(b)     destroy any copies of information on the Data that belongs to Nelson Levine, and which has been transferred to another location, such as Lewis Brisbois's computer system or the computer system of any third party acting for or on behalf of Lewis Brisbois;

(c)     identify all persons who have accessed the Laptops, including any of the Data on the Laptops, since the Laptops were taken from Nelson Levine; and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

1        (d)     identify all persons who have accessed the Data that originated

2 from the Laptops, and which has since been transferred to another location, such as

3 Lewis Brisbois's computer or the computer system of any third party acting for or

4 on behalf of Lewis Brisbois.

5        (e)     Awarding compensatory and punitive damages against the

6 Defendant for violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, in

7 amounts to be determined at trial;

8        3.     Awarding compensatory and punitive damages against the Defendant

9 for violating California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426, in

10 amounts to be determined at trial;

11       4.     Awarding compensatory and punitive damages against the Defendant

12 for violating the California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17040,

13 in amounts to be determined at trial;

14       5.     Awarding compensatory and punitive damages against the Defendant

15 for conversion, in amounts to be determined at trial;

16       6.     Awarding compensatory and punitive damages against the Defendant

17 for replevin, in amounts to be determined at trial;

18       7.     Awarding Nelson Levine pre- and post-judgment interest as allowed

19 by law;

20       8.     Awarding Nelson Levine its reasonable attorneys' fees and costs; and

21       9.     Awarding Nelson Levine such other and further relief as the Court

22 deems just and proper.

23 Dated: May 23, 2014           BAKER & HOSTETLER LLP

24

25                       Michael R. Matthias

26                       Attorneys for Plaintiff
27                       NELSON LEVINE DE LUCA
                          & HAMILTON, LLC

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

603381715

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Nelson, Levine, de Luca & Hamilton, LLC hereby demands trial by

3 jury of this case.

4 Dated:  May 23, 2014                    BAKER & HOSTETLER LLP

5

6                                         Michael R. Matthias

7                                         Attorneys for Plaintiff
                                          NELSON LEVINE DE LUCA
8                                         & HAMILTON, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

603381715

# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Gerald J. Ferguson
direct dial: 212.589.4238
gferguson@bakerlaw.com

May 20, 2014

**AND FEDERAL EXPRESS**
**VIA E-MAIL (ROBERT.LEWIS@LEWISBRISBOIS.COM)**

Robert F. Lewis, Esq.
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA  90012

Re:     *Five Laptops Belonging to Nelson Levine de Luca & Hamilton*

Dear Mr. Lewis:

We represent Nelson Levine de Luca and Hamilton ("Nelson Levine").  We refer to the prior discussions and correspondence between Nelson Levine and Lewis Brisbois Bisgaard & Smith ("Lewis Brisbois") regarding five laptops, belonging to Nelson Levine, which Lewis Brisbois possesses without the consent of Nelson Levine (the "Laptops").  For many months, Nelson Levine has negotiated with Lewis Brisbois for the return of the Laptops and data on the Laptops.  Lewis Brisbois has refused to return the Laptops unless Nelson Levine first agrees that Lewis Brisbois may "wipe" or erase all data on the Laptops after Lewis Brisbois has made a copy of such data for its records.  By its refusal to return the Laptops with all data belonging to Nelson Levine and its clients, Lewis Brisbois is placing Nelson Levine in a position where it must seek judicial intervention to protect its property rights in the Laptops and both its rights and the rights of its clients in the data contained on the Laptops.

Attached please find a Complaint that Nelson Levine plans to file this Friday, May 23, 2014, unless the Laptops and all data stored on the Laptops are delivered to Nelson Levine's custody by Thursday, May 22, 2014.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Robert F. Lewis, Esq.
May 20, 2014
Page 2

We understand that Lewis Brisbois claims that its attorneys used the Laptops for Lewis Brisbois business after taking the Laptops from Nelson Levine. We proposed a reasonable procedure for protecting the interests of Lewis Brisbois and its clients in our April 16, 2014 email to Jana Lubert, Esq., a copy of which is enclosed for your convenience. Nelson Levine remains willing to follow the procedures set forth in the April 16th email, which provide more than adequate protection for Lewis Brisbois and its clients.

Please let me know at your earliest convenience if Lewis Brisbois is willing to resolve this matter on the terms outlined in this letter.

Very truly yours,

Gerald J. Ferguson
Partner


cc:    Jana I. Lubert, Esq.

# EXHIBIT B



David B. Parker
Direct Dial: (213) 622-6985
parker@psmlawyers.com

May 22, 2014

**VIA E-MAIL AND FEDERAL EXPRESS**

Gerald J. Ferguson, Esq.
Baker & Hostetler LLP - New York
45 Rockefeller Plaza
New York, NY  10111
**_E-Mail:  gferguson@bakerlaw.com_**

Re:     _Lewis Brisbois et al. - Nelson Levine et al._

Dear Mr. Ferguson:

I have been retained by Lewis Brisbois Bisgaard & Smith, LLP ("Lewis Brisbois" or "Firm") in connection with the issues that have arisen between Lewis Brisbois and Nelson Levine de Luca & Hamilton ("Nelson Levine").

With this letter, Lewis Brisbois is returning the disputed laptops.  While the Firm could not agree to your request that it provide you with laptops that included confidential information entrusted to Lewis Brisbois attorneys, in Lewis Brisbois' continuing effort to reach a reasonable resolution, it has taken action very close to your proposal.

You requested that the Firm provide you with all data on the laptops and you would undertake a forensic examination to identify material created at Nelson Levine as opposed to post Nelson Levine work.  If Lewis Brisbois complied with that request, it believes that this would violate the Firm's legal obligations to Lewis Brisbois clients as well as third parties whose protected personal information may be on the hard drives.  Bear in mind that all insurer clients directed Nelson Levine that open data privacy/breach files be transferred to Lewis Brisbois and that all insured and uninsured clients, similarly removed all breach files from Nelson Levine in recognition that all attorneys managing these files/clients were gone from your client's firm. Instead, Lewis Brisbois engaged the firm of Ernest & Young to make  and preserve a complete forensic quality image of the hard drives including metadata.

If your client feels the ongoing effort and expense is worthwhile, Lewis Brisbois proposes that a mutually agreeable protocol be developed to permit an expert examination of the drives.   It is not the Firm's intention to retain or use any material which is the property of Nelson Levine. Although unlikely, if proprietary information is discovered on the laptops, it will be immediately

801 S. Figueroa Street, Suite 1200, Los Angeles, CA 90017-5569 | Main (213) 622-4441 | Fax (213) 622-1444 | www.psmlawyers.com

1365762_3.doc

PARKER SHUMAKER MILLS LLP

Gerald J. Ferguson, Esq.
May 22, 2014
Page 2

returned.  The client material and third party information related to files transferred to or opened at Lewis Brisbois will remain in the Firm's possession. To the extent that file material for closed data privacy/breach files is identified we suggest that the treatment of that information be arrived at after consultation with any involved clients.  We welcome your thoughts on this approach.

I look forward to your response.

Very truly yours,

DAVID B. PARKER
Partner

DBP

1365762_3.doc